NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0181n.06

No. 15-1530

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>ANGELA PORTER,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellant,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE WESTERN DISTRICT OF</td></tr>
<tr><td>COMMISSIONER OF SOCIAL SECURITY,</td><td>)</td><td>MICHIGAN</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellee.</td><td>)</td><td></td></tr>
</table>

FILED
Mar 31, 2016
DEBORAH S. HUNT, Clerk

BEFORE: MERRITT, BATCHELDER, and GILMAN, Circuit Judges.

PER CURIAM. Angela Porter appeals the district court's judgment affirming the denial of her application for supplemental security income benefits.

In 2011, Porter filed an application for supplemental security income benefits, alleging that she became disabled on January 26, 2011. After the Social Security Administration denied the application, Porter requested a hearing before an administrative law judge (ALJ). The ALJ denied Porter relief, concluding that she was not disabled. The Appeals Council declined to review the case. The district court affirmed the denial of Porter's application.

On appeal, Porter argues that the ALJ's decision is not supported by substantial evidence because he failed to properly assess the medical-opinion evidence. "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*,

581 F.3d 399, 405 (6th Cir. 2009) "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id*. at 406 (citation and internal quotation marks omitted). We give de novo review to the district court's conclusions on each issue. *Id*.

Porter first argues that the ALJ erred by failing to give controlling weight to a medical opinion signed by Dr. Douglas Bentley that was based on an evaluation by Renee Bentley, a social worker in Dr. Bentley's clinic, that concluded that Porter was totally disabled. A medical opinion from a treating source must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). A treating source is a physician, psychologist, or other acceptable medical source who has provided the claimant with medical treatment or evaluation and has had an ongoing relationship with the claimant. 20 C.F.R. § 416.902.

Renee Bentley does not qualify as a treating source because she is not a physician, psychologist, or other acceptable medical source. *See* 20 C.F.R. § 416.913(a). And Dr. Bentley is not a treating source because he never examined Porter and instead based his conclusions on a single evaluation conducted by Renee Bentley. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506 (6th Cir. 2006). Thus, the ALJ did not err by declining to give controlling weight to the medical opinion at issue.

Porter also argues that the ALJ erred by giving no weight to the opinion signed by Dr. Bentley and by accepting the medical opinion of a reviewing psychologist, who concluded that Porter was not disabled. When there is no treating-source opinion that is deemed controlling, an ALJ must weigh medical opinions based on the nature of the treatment relationships, the

specialization of the medical sources, and the consistency and supportability of the opinions. *Gayheart*, 710 F.3d at 376.

Substantial evidence supported the ALJ's assessment of the medical opinion evidence, given that the majority of evidence in the record, including medical treatment notes and evidence of Porter's daily activities and abilities, suggested that Porter was not suffering from disabling limitations.

Accordingly, we **AFFIRM** the district court's judgment.